## TALBOTT *v.* TOWN OF GAITHERSBURG

[No. 221, September Term, 1960.]

---

*Decided April 11, 1961.*

The cause was argued before Brune, C. J., and Prescott, Horney, Marbury and Sybert, JJ.

*Barnard T. Welsh,* for appellant.

*H. Warren Buckler, Jr.,* with whom was *James W. Hane* on the brief, for appellee.

MARBURY, J., delivered the opinion of the Court.

This is an appeal from a decree of the Circuit Court for Montgomery County, dated August 16, 1960, which declared void and of no effect a petition for a referendum on Ordinance No. 3-60 of the Town of Gaithersburg, which ordinance was passed for the purpose of establishing the fiscal budget for the year 1960-61, and fixing the tax rate at sixty (60) cents per one hundred dollars of the assessed valuation of real property within the Town.

The Mayor and Council of Gaithersburg passed the ordinance here involved on June 9, 1960, and gave notice by publication in a newspaper having general circulation in the municipality that it would become effective on June 29, 1960, unless twenty percent or more of the persons who were qualified to vote in general or special elections of the Town should file a petition requesting the ordinance, or any part thereof, be submitted to referendum. The notice stated that any such petition must be received within twenty days following approval of the ordinance by the Mayor of Gaithersburg.

In compliance with the procedure set out in the notice, the appellant, Roy L. Talbott, who was joined by at least twenty percent of the qualified voters of the town, filed a petition on June 28, 1960, with the clerk of the town council requesting that "Ordinance passed by the Mayor and Council of the Town of Gaithersburg on June 9, 1960, concerning a tax rate of (60) cents per one hundred dollars ($100) for the year 1960-1961, be made the subject of a referendum to be submitted to a vote of the qualified voters of the Town of Gaithersburg, Maryland."

Instead of submitting the ordinance to a referendum the town filed a bill of complaint against Talbott and one other signer of the petition in the Circuit Court for Montgomery County for a declaratory decree, declaring said petition to

be void and of no effect. The defendants named in the bill of complaint demurred and also filed an answer thereto. No testimony was taken and the cause was submitted to the Court on bill and answer. In accordance with an opinion by Judge Pugh, that Court passed its decree of August 16, 1960, declaring the petition for referendum void and of no effect. From that decree the appellant brought this appeal.

His contention is that the mayor and council do not have the unlimited power under the authority of the town charter of March 13, 1958, or any other authority, to fix a tax rate in excess of fifty (50) cents per hundred dollars on the assessed valuation of real property within the town and thereby deprive the citizens of the town of an opportunity to vote upon the matter of the amount of taxes they will have to pay without first referring the same to a referendum. In support of this contention he relies upon a provision of the 1898 charter of the Town of Gaithersburg, as amended, which required the council to levy the general taxes for the fiscal year next ensuing, "which taxes shall not exceed fifty (50) cents on each hundred dollars of assessable property * * *". He argues that the new charter of the town which was adopted on March 13, 1958, does not specifically repeal the section of the old charter limiting the amount of the levy and that the limitation upon the taxing power still exists.

We disagree with this contention because it is clear upon examination of the resolution, which was adopted by the Mayor and Council of the Town of Gaithersburg on March 13, 1958, pursuant to Article XI-E of the Constitution of Maryland (Municipal Home Rule Amendment) and Code (1957), Article 23A, that the charter of the Town of Gaithersburg "enacted by the General Assembly of Maryland, Session 1898, as amended" was thereby repealed and re-enacted with amendments. The adoption of this resolution gave the town an entirely new charter, which had the effect of repealing the old charter and re-enacting it in accordance with the Model Municipal Charter substantially as set forth in Code (1957), Article 23B.

The provision in the old charter limiting the amount of

the levy was thus eliminated, and in its stead a new provision was made in Section 45 requiring the town to operate upon an annual budget. Thus, the town, which formerly operated under the revenue derived from the limited tax levy, now operates upon an annual budget which determines the tax rate necessary to meet it.

Section 47 of the 1958 charter requires that the budget shall be prepared and adopted in the form of an ordinance. The appellant in filing his petition for a referendum acted pursuant to Section 15 of this charter. Section 15, in part, reads:

> "If, before the expiration of twenty calendar days following approval of any ordinance by the mayor or passage of any ordinance over the mayor's veto, a petition is filed with the clerk-treasurer containing the signatures of not less than twenty per centum (20%) of the qualified voters of the town and requesting that the ordinance, or any part thereof, be submitted to a vote of the qualified voters of the town for their approval or disapproval, the council shall have the ordinance, or the part thereof requested for referendum, submitted to a vote of the qualified voters of the town at the next regular town election or, in the council's discretion at a special election occurring before the next regular election. No ordinance, or the part thereof requested for referendum, shall become effective following the receipt of such petition until and unless approved at the election by a majority of the qualified voters voting on the question. * * * Any ordinance, or part thereof, disapproved by the voters, shall stand repealed. *The provisions of this section shall not apply to any ordinance, or part thereof, passed under the authority of Section 61, levying property taxes for the payment* of indebtedness, * * * The provisions of this section shall be self-executing, but the council may adopt ordinances in furtherance of these provisions and not in conflict with them. (emphasis supplied.)"

Section 61 referred to empowers the town to pay any and all bonds, notes, or other evidences of indebtedness issued by it under the authority of the charter. The budget ordinance adopted on June 9, which was the target of the referendum petition, shows that of the total budget of $88,099.42 there was appropriated $28,616.68 for the payment of indebtedness. While Section 15, as it now stands in the new charter, is broad enough to require a referendum of any budgetary provisions in an ordinance not prohibited by Section 61, the referendum petition in this case was sufficiently comprehensive to affect the whole budget, including items involving indebtedness, and was thereby in conflict with the provisions of Section 61. Since the petition was too broad in scope the chancellor was correct in decreeing that the petition for referendum was void and of no effect.

*Decree affirmed, with costs to be paid by appellant.*